**FARKAS, Appellant,**

v.

**CHICAGO TITLE INSURANCE COMPANY, Appellee.**

[Cite as *Farkas v. Chicago Title Ins. Co.* (1991), 71 Ohio App.3d 633.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60174.

Decided April 1, 1991.

*Bernard Farkas, pro se.*

*Edward R. Horejs, Jr.,* for appellee.

---

*Per Curiam.*

On January 23, 1990, plaintiff-appellant, Bernard Farkas ("appellant"), filed a complaint in the Cleveland Municipal Court's Small Claims Division against defendant-appellee, Chicago Title Insurance Company ("appellee"). In his complaint, appellant alleged that appellee, who was the escrow agent for a real estate transaction in which appellant was the vendor, improperly deducted $298.61 from the purchase amount. A hearing was held before a referee on February 27, 1990.

The referee's report and recommendations, filed on May 11, 1990, reveals the following:

On September 1, 1989, appellant agreed to sell certain real property to John Cannon and Linda Fazekas ("Cannon and Fazekas"). Appellee was the escrow agent for the transaction. On September 27, 1989, appellant conveyed title to Cannon and Fazekas. In its settlement statement, appellee prorated the property taxes for 1989 based on the date of conveyance. As a result, Cannon and Fazekas received a credit of $298.61.

The warranty deed used in the transaction states, in part: "[The property is] free from all incumbrances whatsoever except restrictions, conditions of record, easements, zoning ordinances, if any, *and taxes and assessments both general and special for Tax Year 1989, not yet due and payable, and thereafter.*" (Emphasis added.) In addition, the purchase agreement contains the following language:

"Seller is to furnish free and clear title to property by Warranty Deed free and clear of all liens, encumbrances, except restrictions, conditions, easements, zoning ordinances if any *and taxes and assessments both general and special not yet due and payable.*" (Emphasis added.)

Appellee's attorney, Edward Horejs, testified that in Ohio property taxes are paid the year after the year in which they are incurred. Horejs also testified that "it is the usual standard and custom in Ohio, barring specific instructions to the contrary, that real estate taxes are prorated as of the date of title transfer."

The referee concluded that absent an agreement to the contrary appellant was responsible for taxes incurred in 1989 up until the date of conveyance. The referee further found that the language in the warranty deed, as well as the language in the purchase agreement, was not specific enough to put

appellee on notice that Cannon and Fazekas were to assume all 1989 property taxes.

The referee then recommended that judgment be rendered for appellee. On May 11, 1990, the trial court approved the referee's report and entered judgment for appellee. On May 17, 1990, appellant filed objections to the referee's report. On July 16, 1990, the trial court overruled appellant's objections and reaffirmed its previous judgment.

Appellant, acting *pro se,* filed a timely notice of appeal and raises the following assignment of error:

"The judgment as rendered is an abuse of discretion and clearly against the weight of the evidence. The trial court failed to take judicial notice of facts which appear on the face of the record. The judgment is a denial of appellant's substantial rights and contrary to law."

A vendor of real property is responsible for paying tax on the property until the date of conveyance, unless the parties make some other arrangement. *Wilson's Exrs. v. Tappan* (1833), 6 Ohio 172, paragraph four of the syllabus. The warranty deed clearly stated, in part, that the property was to be transferred "free from all incumbrances whatsoever except * * * taxes and assessments, both general and special, for Tax Year 1989, not yet due and payable, and thereafter." Although a lien for property taxes attaches to the property on the first day of every year, R.C. 323.11, the taxes do not become due and payable until, at the earliest, the last day of the year, R.C. 323.12. Thus, according to the plain language in the warranty deed, and in the purchase agreement, Cannon and Fazekas, the purchasers, were responsible for paying the 1989 property tax. Appellee, therefore, improperly credited buyers $298.61 when it prorated the 1989 property tax.

Appellant's assignment of error is well taken.

The trial court's judgment is reversed and final judgment is entered for appellant.

*Judgment reversed.*

KRUPANSKY, C.J., PARRINO and PRYATEL, JJ., concur.

THOMAS J. PARRINO, J., retired, and AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.